GEORGE J. WILLIAMS, Appellant, *vs.* THE CITY OF CHI-
. CAGO, Appellee.

*Opinion filed October 28, 1910—Rehearing denied Dec. 9, 1910.*

1. MUNICIPAL CORPORATIONS—*validity of an ordinance requiring rental to be paid for use of sub-sidewalk space.* An ordinance requiring abutting lot owners to pay a reasonable rental for the use of sub-sidewalk space in connection with their property is valid as to streets wherein the city owns the fee, but it cannot be enforced as against owners of lots abutting upon streets wherein the city has only an easement, the fee being in the abutting owners. (*Sears* v. *City of Chicago,* [ante, p. 204,] and *Tacoma Safety Deposit Co.* v. *City of Chicago,* [ante, p. 192,] followed.)

2. SAME—*city of Chicago owns fee of streets in Fort Dearborn addition.* The fee of the streets and public grounds in the Fort Dearborn addition to Chicago must be held to be in the city.

DUNN, J., dissenting.

APPEAL from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

WILSON, MOORE & McILVAINE, for appellant.

EDWARD J. BRUNDAGE, Corporation Counsel, and WILLIAM D. BARGE, for appellee.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is one of a number of cases brought by different property owners, each raising for decision the right of the city of Chicago to adopt and enforce an ordinance requiring property owners to pay compensation for the use of the space underneath the sidewalks adjoining their premises. George J. Williams, appellant in this case, is the owner of a leasehold estate for one hundred and ninety-nine years in lot 1, block 2, Fort Dearborn addition to Chicago, upon which there is a building with a frontage of 79 feet on River street and 106 feet on Dock street. The major part of the space under the adjacent sidewalks in Dock street

and River street is used by appellant in connection with the operation of his building. Appellant filed his bill in the circuit court of Cook county seeking to enjoin appellee from enforcing an ordinance which required him to pay compensation for the use of this sub-sidewalk space. Upon answer and hearing the court entered a decree dismissing the bill for want of equity.

That portion of the ordinance necessary to a proper understanding of the questions involved is found in *Sears* v. *City of Chicago,* (*ante,* p. 204,) and in *Tacoma Safety Deposit Co.* v. *City of Chicago,* (*ante,* p. 192.) In those cases the principles of law here involved were fully discussed, and we there held that the ordinance in question is valid when applied to the owners of lots located upon streets in which the city owns the fee, but cannot be enforced against the owners of lots abutting upon streets wherein the city has an easement, only. It is unnecessary to repeat in this opinion what was there said in reaching this conclusion.

It is contended on the part of appellant that the plat of Fort Dearborn addition to the city of Chicago was not a statutory plat and that it operated as a common law dedication, only, and that the purchasers of lots therein which abutted upon a street took title in fee to the center of the street. Fort Dearborn addition was platted by the United States and was composed of land which had been used by the government for military purposes. By this plat a large tract was dedicated for public grounds, concerning the title to which and the use to which the same should be put there has been considerable litigation in both the Federal and State courts. The first of these cases decided by the United States Supreme Court was that of *Illinois Central Railroad Co.* v. *Illinois,* 146 U. S. 387. In that case the People of the State of Illinois, the Illinois Central Railroad Company and the city of Chicago were parties, and it was there held that the fee to such public grounds was in the city of Chicago. Appellant urges that this holding should not be con-

247—16

sidered binding, for the reason that counsel on both sides, in their arguments, conceded that the fee to these public grounds was in the city, but later, in the case of *United States* v. *Illinois Central Railroad Co.* 154 U. S. 225, wherein the United States sought to prevent the alleged encroachments made or threatened by the railroad company upon property in this addition claimed by the United States, the question of where lies the fee to the streets, alleys and public grounds dedicated by the plat of Fort Dearborn addition was before the court, and it was there held that the plat of Fort Dearborn addition was made in substantial compliance with the statute of Illinois then in force, and that it vested in the city of Chicago the fee to the streets, alleys and public grounds designated on the plat as completely as if made by an unconditional conveyance in the ordinary form. These decisions of the United States Supreme Court have been recognized by us as determining the question of title to the streets, alleys and public grounds in this addition, in *City of Chicago* v. *Ward,* 169 Ill. 392, *Bliss* v. *Ward,* 198 id. 104, and *Ward* v. *Field Museum,* 241 id. 496, in all of which were involved questions as to what use could be made of the public grounds designated on the plat of Fort Dearborn addition.

The question of the character of this plat having been twice passed upon by the Supreme Court of the United States, and those decisions having been recognized by us as determining the question here presented, we do not feel disposed to enter into any discussion of the merits. Recognizing those decisions as binding, we hold that the fee to the streets involved in this appeal is in the city of Chicago.

There being no error in the record the decree of the circuit court is affirmed.            *Decree affirmed.*

Mr. JUSTICE DUNN, dissenting.